THOMAS, Judge.
Robert Terwilliger (“the father”) appeals from an order of the Madison Circuit Court (“the Alabama trial court”) dismissing, in its entirety, the father’s divorce action, which included a claim seeking custody of the children born of the marriage between the father and Katherine Terwilliger (“the mother”). Pursuant to § 30-3B-207, Ala.Code 1975, the Alabama trial court declined to exercise jurisdiction over the action, based on its determination that, although Alabama is the “home state” of the children, Texas is the more appropriate forum in which to litigate the parties’ child-custody dispute.[1] We affirm.
The father and the mother were married in February 2004. The parties moved to Alabama in 2005. Three children were born of the marriage. On September 9, 2009, the parties separated, and the mother, along with the parties’ three minor children, went to San Antonio, Texas, to stay with the mother’s family.[2]
The mother filed a complaint for a divorce in the Alabama trial court in October 2009; however, the mother subsequently dismissed that divorce action.[3] On March 12, 2010, the father filed a divorce action in the Alabama trial court, claiming incompatibility of temperament *155 and an irretrievable breakdown of the marriage. Additionally, the father requested that the Alabama trial court award him custody of the parties’ children. The record indicates that the mother was served with the father’s complaint for a divorce by certified mail on March 22, 2010. On March 31, 2010, the mother filed a divorce action in Texas, in which she requested that she be awarded custody of the parties’ children.[4]
On March 12, 2010, the Alabama trial court entered a standing pendente lite order. The father subsequently filed a “motion for pendente lite relief,” requesting that the Alabama trial court require that the parties’ children be returned to Alabama immediately, that the court award him pendente lite sole physical and legal custody of the children, and that the court award him pendente lite child support. On April 21, 2010, the Alabama trial court conducted an emergency hearing regarding the father’s request for pendente lite relief and heard ore tenus testimony from the parties. At the hearing, the mother failed to mention that she had filed a separate divorce and child-custody action in Texas. Following the hearing, the parties, among other things, agreed to allow the father summer visitation with the children, and the Alabama trial court entered an “Amendment to Standing Pendente Lite Order” on April 22, 2010. In its April 22, 2010, order, the Alabama trial court stated:
“This Court looks with disfavor on a parent removing children from the jurisdiction of this Court, pending entry of an order allowing such a move. However, the Mother and the parties’ minor children have been relocated to San Antonio, Texas, since September 9, 2009; and this Court has been made aware of the issuance of an Ex parte Protection From Abuse Order in an action filed by the Mother against the Father in the Circuit Court of Madison County, Alabama, being Civil Action Number DR2009-3851 (LWH). The parties indicated during said emergency hearing, however, that the Mother intended to seek a dismissal of that case, which would thereafter void the Ex parte Protection Order entered by Judge Hamilton of this Court on August 18, 2009. Even though the Father has requested a final hearing in that case, it has not yet been held, and was previously continued on motion of the Mother when previously set. This Court has not been provided with any credible evidence that either party presents a threat for physical harm or abuse towards the other, nor to the parties’ minor children. Both parties are financially limited and earn small incomes. This Court has determined that it is not in the best interests of the parties’ minor children for this Court to enter that their residence be relocated to Madison County, Alabama, on a pendente lite basis. Rather, this Court reserves that decision for a final hearing, after both parties have been given a full and fair opportunity to present all evidence and witnesses they desire, without time constraints, and this Court is able to make a better decision on the custody determination to be made by this Court for the parties’ minor children.”
Upon realizing that there was a divorce and child-custody action also pending in Texas, the judge of the Alabama trial court communicated with Judge Victor Negron *156 of the District Court of Bexar County, Texas (“the Texas trial court”), regarding the jurisdictional issues arising under the Uniform Child Custody Jurisdiction and Enforcement Act (“the UCCJEA”), which has been adopted by both Alabama, see § 30-3B-101 et seq., Ala.Code 1975, and Texas, see Tex. Family Code Ann. § 105.101 et seq. Pursuant to § 30-3B-110, the Alabama trial court entered a “Notice of Conversation with Court in Texas” on January 24, 2011. In the “Notice of Conversation with Court in Texas,” the Alabama trial court stated “that there [wa]s no dispute that the State of Alabama was the ‘home state’ of the parties’ minor children when the action now pending in the [Alabama trial court] was filed by the [father].” Further, the Alabama trial court clarified that
“[t]he issue to be resolved by [the Alabama trial court] is whether or not [the Alabama trial court], being the court of the home state of the [children], should decline to exercise jurisdiction on the ground that the [Texas trial court] is the ‘more appropriate forum’ to make and decide the initial child custody determinations ... regarding the parties’ minor children.”
On March 18, 2011, the Alabama trial court conducted an evidentiary hearing regarding whether it should decline to exercise jurisdiction over the parties’ child-custody dispute pursuant to § 30-3B-207. On March 21, 2011, the Alabama trial court entered an order declining to exercise jurisdiction over the action, finding that Texas was the more appropriate and convenient forum in which to litigate the parties’ child-custody dispute, and dismissing the action with prejudice. The father timely appealed to this court.
In Ramsey v. Ramsey, 995 So.2d 881, 886 (Ala.Civ.App.2008), this court stated that a trial court’s decision to decline to exercise jurisdiction pursuant to § 30-3B-207 is purely discretionary. See § 30-3B-207(a), Ala.Code 1975 (providing that an Alabama trial court “may decline to exercise its jurisdiction”). Accordingly, in Ramsey, this court concluded that the standard of review applied to a trial court’s determination as to whether it should exercise jurisdiction under § 30-3B-207 is whether the trial court abused its discretion. 995 So.2d at 886 (“[W]e must affirm [the trial court’s] determination unless the appellant demonstrates that the trial court abused its discretion.”).
On appeal, the father argues that the Alabama trial court’s decision declining to exercise jurisdiction over the parties’ child-custody dispute, thereby acknowledging that Texas was a more appropriate forum, was plainly and palpably wrong and was an abuse of discretion. We disagree.
This court has stated:
“A court having jurisdiction to make a child-custody determination may nevertheless decline to exercise that jurisdiction ‘if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum.’ § 30-3B-207(a). The determination whether it is an inconvenient forum under the UC-CJEA requires a trial court to consider several enumerated factors, which are outlined in § 30-3B-207(b).”
Ramsey, 995 So.2d at 884.
Section 30-3B-207(b) provides:
“(b) Before determining whether it is an inconvenient forum, a court of this state shall consider whether it is appropriate for a court of another state to exercise jurisdiction. For this purpose, the court shall allow the parties to submit information and shall consider all relevant factors, including:
*157 “(1) Whether domestic violence has occurred and is likely to continue in the future and which state could best protect the parties and the child;
“(2) The length of time the child has resided outside this state;
“(3) The distance betweén the court in this state and the court in the state that would assume jurisdiction;
“(4) The relative financial circumstances of the parties;
“(5) Any agreement of the parties as to which state should assume jurisdiction;
“(6) The nature and location of the evidence required to resolve the pending litigation, including testimony of the child;
“(7) The ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence; and
“(8) The familiarity of the court of each state with the facts and issues in the pending litigation.”
In his brief to this court, the father discusses only the relative financial circumstances of the parties. He contends that the mother is more able to absorb the travel costs associated with defending a divorce and child-custody action in Alabama, the undisputed home state of the children, because, he says, the mother makes $2,000 more per year than he does. That contention is unsupported by the record.
At the evidentiary hearing, the mother testified that she works at a Marriott hotel call center, making a salary of $9.75 per hour. However, she did not testify as to the number of hours she works or as to her annual salary. She did testify that she receives benefits, including insurance, paid vacation, and paid sick leave. The mother further testified that she receives government assistance from Texas, such as food stamps and Medicaid, because, she said, her income is so low. The father testified that he is employed as a Special Education Instructional Assistant in the Madison City School System and that he makes an annual salary of $16,177. Thus, there is no evidence in the record establishing that the mother, has a higher income than the father, as the father argues in his brief. However, the parties’ testimony makes clear, as the Alabama trial court noted, that “[b]oth parties are financially limited and earn small incomes.”
Although the relative financial circumstances of the parties is one factor a court should consider in determining whether, under the UCCJEA, it should exercise jurisdiction over a child-custody dispute, the existence or nonexistence of one single factor listed in § 30-3B-207(b) is not dispositive. Instead, the statute makes clear that a trial court “shall consider all relevant factors.” § 30-3B-207(b). Accordingly, because the relative financial circumstances of the parties is only one factor to be considered and because the evidence indicates that both parties are financially limited, without indicating which party has a higher income, we cannot conclude that the Alabama trial court abused its discretion in declining to exercise jurisdiction based solely on the parties’ testimony regarding their financial circumstances.
Moreover, in this case, the Alabama trial court conducted an evidentiary hearing regarding whether it should decline to exercise jurisdiction and defer to the jurisdiction of the Texas trial court, and, at that hearing, the mother presented evidence regarding many of the factors enumerated in § 30-3B-207(b). Specifically, the mother testified that she had gone to Texas with the parties’ children intending it to be a temporary visit but that, after enrolling *158 the children in school and day care and locating employment in Texas, she decided to make the move permanent.
The mother testified that the oldest child is in kindergarten and that he attends Northern Hills Elementary School in San Antonio, Texas. She testified that the two younger children attend Playhouse Child Care, which is a day-care center in San Antonio. The mother also testified that the children see doctors with whom they are comfortable in Texas and that the children attend St. Mark’s Catholic Church in Texas. Additionally, the mother testified that the children visit their maternal grandfather and other family living in San Antonio at least once a week. In contrast, the father testified that the children have no family living in Alabama other than himself. Moreover, the mother testified that the children had never attended day care or schools in Alabama. From this testimony, the Alabama trial court could have reasonably concluded that the majority of the “evidence required to resolve the pending litigation” was located in Texas. § 30-3B-207(b)(6).
Additionally, the Alabama trial court stated that it found the Texas trial court to be well equipped and able to handle the case. See § 30-3B-207(b)(7). Specifically, the judge of the Alabama trial court stated:
“I have no doubt — let me just say I have no doubt, from my conversations with the judge in Texas, Judge Negron, that he can adequately handle this case, that he knows what he’s doing and that he will give it the emphasis and importance that it needs in his job. So the lack of a good judge to be able to adequately address it is not an issue in this case.”
Thus, the evidence regarding this factor also supports the Alabama trial court’s determination to decline to exercise jurisdiction over the action.
It was also undisputed that the parties’ children had been living in Texas from September 9, 2009, until March 18, 2011, the date of the evidentiary hearing. Thus, the children had resided outside Alabama for approximately a year and a half. See § 30-3B-207(b)(2). The mother also testified that the children had left Texas to visit their father in Alabama only once since moving to Texas in September 2009. Additionally, the mother testified that the trip between Texas and Alabama was long, but, she said, the trip could be completed in one day of driving. The father testified that he had traveled to Texas approximately seven or eight times since March 2010, and he testified that it was not a problem for him to drive that distance, although he stated that the cost of travel was an issue. See § 30-3B-207(b)(3). Accordingly, the Alabama trial court heard testimony regarding several factors enumerated in § 30-3B-207(b) from which it could have reasonably concluded that Texas and not Alabama was the more appropriate and convenient forum to exercise jurisdiction over the parties’ child-custody dispute.
Many of the other factors enumerated in § 30-3B-207(b) were inapplicable to this case. Specifically, the Alabama trial court stated that it had “not been provided with any credible evidence that either party presents a threat for physical harm or abuse towards the other, nor to the parties’ minor children.” See § 30-3B-207(b)(1). Additionally, the parties never entered into any agreements as to which state should assume jurisdiction over the litigation. See § 30-3B-207(b)(5).
In Ramsey, this court affirmed a decision of a trial court declining to exercise jurisdiction pursuant to § 30-3B-207, although several of the § 30-3B-207(b) factors weighed “in favor of the Alabama forum.” 995 So.2d at 887. In affirming *159 the trial court’s decision, this court explained that the presence of several of the factors in favor of the home state — Alabama — “d[id] not necessarily require the Alabama trial court’s retention of jurisdiction over the case.” Id. Unlike Ramsey, in the present case, the Alabama trial court did not hear any testimony indicating that even a single factor enumerated in § 30-3B-207(b) weighed in favor of Alabama as the more appropriate forum to exercise jurisdiction over the parties’ child-custody dispute.
Accordingly, because of the discretion afforded the Alabama trial court in making a determination under § 80-3B-207, coupled with the evidence presented in this case, we cannot agree with the father that the Alabama trial court abused its discretion by declining to exercise jurisdiction over the parties’ child-custody dispute. Therefore, we affirm the order of the Alabama trial court declining to exercise jurisdiction over the parties’ child custody dispute.
AFFIRMED.
THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.

.Although the father requests that we reverse the Alabama trial court’s order dismissing his divorce action, on appeal he addresses only the Alabama trial court’s decision to decline to exercise jurisdiction over the parties’ child-custody dispute pursuant to § 30-3B-207. Therefore, we address only that issue on appeal, and we express no opinion as to whether the Alabama trial court erred in dismissing the father's divorce action in its entirety.

. The mother testified that she fled to Texas to get away from the father’s harassment. The mother had filed a petition for an ex parte protection-from-abuse order in Madison County before traveling to Texas; however, that protection-from-abuse proceeding was later dismissed.

. The mother testified that she dismissed that divorce action because she intended to immediately initiate another divorce action in Texas.

. The mother testified that she had already signed the divorce complaint, which was filed in Texas on March 31, 2010, before she was served with the father’s divorce complaint on March 22, 2010. She further testified that she had assumed that her attorney in Texas had filed the divorce complaint on the same day she signed the complaint.